PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 1994 Ford F-250 struck a hole as he was traveling east on County Route 74/9, also known as Buck Run Road, in Ritchie County. County Route 74/9 is a road maintained by respondent. The Court is of the opinion to deny the claim for the reasons more fully stated below.
The incident giving rise to this claim occurred around 11:00 p.m. on February 27,2005. County Route 74/9 is a one-lane road at the area of the incident involved in this claim. Claimant testified that he was driving around 10 miles per hour when he drove across a bridge. Mr. Lanham was crossing the bridge when his vehicle struck a hole. Claimant’s vehicle sustained damage to the left rear tire totaling $110.00.
The position of the respondent is that it did not have actual or constructive notice of the condition on County Route 74/9 at the site of the claimant’s accident for the date in question.
Harry Griffith, Highway Administrator for the respondent in Ritchie County, testified that he had no knowledge of any potholes on County Route 74/9 prior to the date of claimant’s incident. Mr. Griffith stated drat County Route 74/9 is a low priority, tar and chip road. Respondent had received no notice of holes in the road along this portion of County Route 74/9 on the day of the incident in question..
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman w. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the evidence established that the respondent did not have actual or constructive notice of a hole on County Route 74/9 prior to the incident in question. Consequently, there is insufficient evidence of negligence upon which to justify an award. Thus, the claimant may not make a recovery for his loss in this claim.
In view of the foregoing, the Court is of the opinion to and does deny this *19 claim.
Claim disallowed.